IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROY PIZARRO-BERRÍOS,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 07-1720 (JAG)
(CRIMINAL 03-0351 (JAG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion by petitioner Roy Pizarro-Berríos (hereinafter "Pizarro") to vacate, set aside or correct his conviction and sentence pursuant to 28 U.S.C. § 2255.  (Docket No. 1-2, August 10, 2007.)  Petitioner Pizarro alleges two grounds under which his sentence should be vacated.  First, Pizarro argues he was denied effective assistance of counsel when his attorney failed to object to a two-level enhancement under U.S.S.G. § 2B1.1(b)(3) for theft from the person of another.  (Id. at 4.)  Second, Pizarro claims his conviction and sentence are unconstitutional because they are based on the Comprehensive Crime Control Act of 1984 (hereinafter "CCCA") and the Sentencing Reform Act of 1984, Chapter 2 of the CCCA, which, argues Pizarro, were invalidly enacted under the United States Constitution.  (Id. at 8.)  Pizarro argues that because the

CIVIL 07-1720 (JAG)                    2
(CRIMINAL 03-0351 (JAG))

CCCA was unconstitutionally enacted, the Sentencing Reform Act amounts to a bill of attainder (id. at 11) and violates due process.  (Id. at 12.)

        In its response to Pizarro's motion, the government concedes that Pizarro's counsel provided ineffective assistance in failing to contest the sentencing court's application of section 2B1.1(b)(3) and recommends that this court order Pizarro to be re-sentenced accordingly.   (Docket No. 8, at 5 & 8.)   However, the government disagrees with Pizarro's claims that the CCCA is unconstitutional and that the Sentencing Reform Act is a bill of attainder or violates due process.  (Id.)

        Having considered the arguments of the parties and for the reasons set forth below, I recommend that Pizarro's motion to vacate be GRANTED in part and DENIED in part.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

        On January 28, 2004, Pizarro and nine co-defendants were charged with a twelve-count superceding indictment by a Federal Grand Jury.  (Criminal 03-0351 (JAG), Docket No. 85.)  Pizarro himself was charged in four counts:  conspiring to commit credit card fraud totaling more than one-thousand dollars in violation of 18 U.S.C. §§ 371, 1029(a)(1) and (2) (Count 1) (id. at 4-5); bank fraud in violation of 18 U.S.C. §§ 1344(1) and (2) (Count 2) (id. at 12); conspiring to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i) and (h) (Count 3) (id. at 14-16); and knowingly possessing false

CIVIL 07-1720 (JAG)                    3
(CRIMINAL 03-0351 (JAG))

documents with the intent to defraud the United States in violation of 18 U.S.C.
§ 1028(a)(4) (Count 9).  (Id. at 19.)

On February 24, 2004, Pizarro filed a petition for change of plea hearing
(Criminal 03-0351 (JAG), Docket No. 105) and on March 1, 2004, the hearing was
held.  (Criminal 03-0351 (JAG), Docket No. 122.)  At the hearing, Pizarro entered
a plea of guilty to counts one, two and three and the government agreed to
dismiss count nine at sentencing.  (See Docket No. 389, Change of Plea Hr'g, Tr.
at 19.)

On June 6, 2005, Pizarro's Presentence Investigation Report (hereinafter
"PSR") was issued.   (Criminal 03-0351 (JAG), Docket No. 223.) The PSR
recommended a two-level enhancement under U.S.S.G. § 2B1.1(b)(3) because
"the offense involved theft from another."  (Docket No. 8, United States'
Response, at 2.)  Pizarro's counsel filed a motion objecting to the PSR, contesting
the application of a number of sentencing guideline enhancements, but not to the
application of the enhancement under section 2B1.1(b)(3).  (Criminal 03-0351
(JAG), Docket No. 210.)      On July 1, 2004, at Pizarro's sentencing hearing,
Pizarro's counsel again failed to object to the section 2B1.1(b)(3) enhancement
and the court included the enhancement in its calculation of Pizarro's sentence.
(Docket No. 359, Sentencing Hr'g, Tr. at 111.)  Pizarro's total offense level of
twenty-five combined with  his criminal history category of II produced a

CIVIL 07-1720 (JAG)                    4
(CRIMINAL 03-0351 (JAG))

sentencing range of sixty-three to seventy-eight months imprisonment.  Pizarro was sentenced to 70 months imprisonment as to counts two and three and 60 months imprisonment as to count one, to be served concurrently with each other and consecutively with any other sentences.  (Id. at 114.)

On August 10, 2004, Pizarro filed a timely notice of appeal.  (Criminal 03-0351 (JAG), Docket No. 297.)  In United States v. Pizarro-Berríos, 448 F.3d 1 (1st Cir. 2006), the First Circuit affirmed Pizarro's judgment and conviction.  The First Circuit noted that Pizarro's contention that section 2b1.1(b)(3) was misapplied had merit, but stated it was better suited to an action for ineffective assistance of counsel under a section 2255 motion.  Id. at 12.

On August 10, 2007, Pizarro filed a timely pro se motion to vacate, set aside or correct his conviction under section 2255.  (Docket No. 1-2.)  Therein Pizarro alleges two grounds under which his conviction and sentence should be vacated: (1) Pizarro argues he was denied effective assistance of counsel because trial counsel failed to object to an enhancement to Pizarro's sentence under section 2B1.1(b)(3); (2) Pizarro argues that the CCCA, under which he was indicted, convicted and sentenced, is unconstitutional.  (Id.)

First, as to his argument for ineffective assistance of counsel, Pizarro reiterated the First Circuit's explanation of the district court's error along with an

CIVIL 07-1720 (JAG)                    5
(CRIMINAL 03-0351 (JAG))

allegation that this error was caused by ineffective assistance of counsel.  (Docket No. 1-2, at 4-8.)

Second, as to his argument that he was unconstitutionally indicted, convicted and sentenced under the CCCA, Pizarro states that, following "President Ronald Reagan's veto and return of S. 829, S. 1762, and H.R. 3963," which contained the Sentencing Reform Act of 1984, the Ninety-Eighth Congress violated Article 1, Section 7, of the United States Constitution by (1) not entering the President's objections at large on the Congress' Journal; (2) not reconsidering the Bill; (3) not obtaining a two-thirds vote majority; (4) not determining the "repassage of the Bill by votes of yeas and nays, nor name the persons voting for and against the Bill"; and (5) not entering "the yeas and nays of such persons upon their respective journals."  (Id. at 9-10, ¶ 6.)  Pizarro argues that the Ninety-Eighth Congress was able to pass the bill by attaching "President Reagan's 42 point proposal to a 'continuing appropriations bill' . . . and through 'piggy-back' Legislation forced President Reagan to sign the vetoed legislation in order to obtain continuing appropriation for fiscal year 1985."  (Id. at 10, ¶ 7.)  Pizarro also argues that the "Ninety-Eighth Congress knew or should have known that Congress cannot use appropriations acts to create 'substantive measures or laws . . . .'"  (Id. ¶ 8.)  Pizarro argues that,  because  the CCCA was invalidly enacted, the Sentencing Reform Act of 1984–chapter two in the CCCA–amounted to

CIVIL 07-1720 (JAG)                           6
(CRIMINAL 03-0351 (JAG))

imposing a bill of attainder upon Pizarro in violation of Article I, Section 9, Clause 3 of the United States Constitution (id. at 11, 15-17), and a violation of due process.  (Id. at 12, 18.)

On December 17, 2007, the government filed its response to Pizarro's section 2255 motion.  (Docket No. 8.)  Therein, the government agrees that Pizarro was denied effective assistance of counsel and concedes that his sentence should be vacated and his case remanded for re-sentencing.  (Id. at 6 & 8).

However, the government disagrees that Pizarro was unconstitutionally indicted, convicted and sentenced under the CCCA.  (Id. at 8.)  First, the government argues that 18 U.S.C. §§ 371, 1344, and 1956(h), the statutes under which Pizarro was indicted and convicted, were neither enacted by, or affected by the enactment of the CCCA.  (Id.)  Second, the government argues that Pizarro's allegation that Congress usurped its power in enacting the CCCA has no merit because "whether the CCCA was part of an appropriations bill is of no consequence," noting that the CCCA went through both houses of Congress and was signed by the President of the United States.  (Id. at 9.)  The government also points out that the CCCA has survived numerous attacks on its constitutionality.  (Id.)  The government also points out that Pizarro's arguments that the Sentencing Reform Act of the CCCA constitutes a bill of attainder and violates due process lack merit.  (Id. at 10.)

CIVIL 07-1720 (JAG)                    7
(CRIMINAL 03-0351 (JAG))

## II.  DISCUSSION

### A.  Ineffective Assistance of Counsel

Criminal defendants are guaranteed the right to effective assistance of counsel by the Sixth Amendment of the United States Constitution.  Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993).  To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the petitioner.  Strickland v. Washington, 466 U.S. 668, 687 (1984).

The deficient performance in question was Pizarro's counsel's failure to object to the two level enhancement under section 2B1.1(b)(3).  A court may impose that enhancement "[i]f the offense involved a theft from the person of another. . . ." U.S.S.G. § 2B1.1(b)(3).  "'Theft from the person of another' means theft, without the use of force, of property that was being held by another person or was within arms' reach.  Examples include pick-pocketing and non-forcible purse-snatching, such as the theft of a purse from a shopping cart." U.S.S.G. § 2B1.1(b)(3), application notes, definitions.  A defendant receives these enhancements "because of the increase of risk of physical injury." U.S.S.G. § 2B1.1(b)(3), application notes, background.

As the First Circuit noted in Pizarro's appeal, "the commentary to the guideline makes it clear that the guideline is intended to apply to physical takings,

CIVIL 07-1720 (JAG)                    8
(CRIMINAL 03-0351 (JAG))

not to abstract forms of theft that take place far from the victim, like credit card fraud." United States v. Pizarro-Berrios, 448 F.3d at 11.  "The case law on this particular guideline . . . is consistent with the view that the guideline targets physical and therefore potentially violent (even if non-forcible) forms of theft." Id. (citing United States v. Rizzo, 349 F.3d 94, 98, 100 (2d Cir. 2003); United States v. Londono, 285 F.3d 348, 350-51, 353-54 (5th Cir. 2002); United States v. Jankowski, 194 F.3d 878, 885-86 (8th Cir. 1999)).

It is clear that section 2B1.1(b)(3) did not apply to Pizarro because he is not guilty of any crime involving an increased risk of physical injury. That his counsel failed to object to its application at sentencing fulfills the deficient performance element of Strickland.

It is equally evident that the application of section 2B1.1(b)(3) caused Pizarro prejudice as well, since, as the government points out, "a two-level reduction . . . results in a sentencing guidelines range of fifty-one (51) to sixty-three (63) months of imprisonment[,]" (Docket No. 8, at 7-8), a seven to nineteen month difference in Pizarro's current sentence of seventy months.  And, as Pizarro points out, "'any amount of actual jail time has Sixth Amendment significance,' Glover v. United States, 531 U.S. 198, [199] (2001))." (Docket No. 1-2, at 6.)

CIVIL 07-1720 (JAG)                              9
(CRIMINAL 03-0351 (JAG))

Therefore, Pizarro's sentence should be vacated and the cause should be remanded so Pizarro may be re-sentenced accordingly.

B.  Constitutionality of the Comprehensive Crime Control Act of 1984

Pizarro argues that the Comprehensive Crime Control Act of 1984 (hereinafter "CCCA") is unconstitutional and therefore his indictment, conviction and sentence under that Act is similarly unconstitutional.  Pizarro argues that passage of the Sentencing Reform Act of 1984 amounts to a bill of attainder and violates due process.  I disagree.

First, as a threshold issue, the government argues that the CCCA in no way affects Pizarro's indictment and conviction, apparently because these are products of the statutes which Pizarro violated, and not the CCCA.  The government then argues that because Pizarro made no argument in respect to this issue, the argument must be deemed waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

However, the Comprehensive Crime Control Act of 1984 was a substantive overhaul of federal criminal law boasting twenty-three chapters, two of which were dedicated to bank fraud (Chapter 11, Part G) and credit card fraud (Chapter 16).  See Comprehensive Crime Control Act, Pub. L. No. 98-473, Title II, ch. 11, pt. G, & ch. 16 (1984).  The CCCA created 18 U.S.C. § 1344, the statute under which Pizarro was prosecuted for bank fraud.  See id., ch. 11, pt. G.  The CCCA

CIVIL 07-1720 (JAG)                    10
(CRIMINAL 03-0351 (JAG))

also expanded 18 U.S.C. § 1029(a) to make federal prosecution of credit card fraud easier by permitting prosecution where the prohibited conduct simply "affects" interstate commerce, instead of requiring any transportation in interstate commerce.  See id., ch. 16; see also U.S. Dept. of Justice, Handbook on the Comprehensive Crime Control Act of 1984 and Other Criminal Statutes by the 98th Congress 192 (1984).  Therefore, the government's argument that the CCCA had no effect on Pizarro's indictment and conviction is misplaced.

Pizarro argues that the Ninety-Eighth Congress enacted the CCCA in violation of Article I, Section 7, of the United States Constitution.  Pizarro argues that the Ninety-Eight Congress "piggy-backed" the CCCA onto an appropriations bill, Public Law 98-473, because they had not gone through the processes required to pass a bill after President Reagan rejected the first proposal of the CCCA.

This is not the first time a petitioner has alleged such a violation.  In United States v. Brinkley, 82 F.3d 411 (4th Cir. 1996) (unpublished opinion), the petitioner argued that the Ninety-Eighth Congress lacked "the authority to present the enabling legislation [Pub. Law 98-473] to the president because President Reagan had pocket vetoed the same legislation in January 1983 and the veto was not overridden by a two-thirds majority."  The Fourth Circuit found that:

CIVIL 07-1720 (JAG)                    11
(CRIMINAL 03-0351 (JAG))

> Although President Reagan did pocket veto a crime control bill in January 1993 [sic][1], it did not include the sentencing reform provisions which became the guidelines because the House did not accept the Senate version. . . .  New legislation was prepared and in 1984 the House passed a continuing appropriations bill.  Attached was a comprehensive crime bill which had been passed by the Senate and included the sentencing guidelines.  This legislation was signed into law on October 12, 1984. . . .  Thus, Congress did not attempt to override a presidential veto.  Instead, new legislation was presented to the president.

Id. at 1 (citing Kate Stith & Steve Koh, The Politics of Sentencing Reform: The Legislative History of the Federal Sentencing Guidelines, 28 Wake Forest L. Rev. 223, 260-66 (1993)).

Pizarro argues that the Ninety-Eighth Congress "knew or should have known" it could not pass substantive laws by attaching them to appropriations acts.  Pizarro cites Tennessee Valley Auth. v. Hill, 437 U.S. 153 (1978) for this proposition.  As the Fourth Circuit explained in Brinkley, Tennessee Valley Authority "held that continued appropriations for the Tellico Dam after enactment of the Endangered Species Act did not constitute an implied repeal of the Act with respect to that dam. . . "  United States v. Brinkley, 82 F.3d 411.  Tennessee Valley Auth. therefore bears no relevance on the constitutionality of the CCCA: "Title I of House Joint Resolution 648 was a continuing appropriations bill; Title II was the Comprehensive Crime Control Act.  Both were passed at the same time

---

[1] The Court no doubt meant 1983.

CIVIL 07-1720 (JAG)                     12
(CRIMINAL 03-0351 (JAG))

and [petitioner] does not provide any coherent reason why Congress lacked authority to enact the law in this manner." United States v. Brinkley, 82 F.3d 411 (citations omitted).  Pizarro has similarly failed to provide a reason why Congress lacked the authority to pass the bill.

While the Fourth Circuit's opinion is not controlling, its rationale for dismissing the challenge to the CCCA in Brinkley is no less applicable in the case at bar.  After being vetoed by Ronald Reagan in 1983, a new version of the CCCA was attached to an appropriations bill that passed both houses of Congress and was re-presented to President Ronald Reagan, who signed the bill into law in 1984.  Therefore, Pizarro's claim that the Comprehensive Crime Control Act was unconstitutionally enacted and therefore inapplicable to him, is without merit.

Pizarro argues that, because the CCCA was unconstitutionally enacted, passage of the Sentencing Reform Act of 1984 amounts to a bill of attainder and violates due process.  Not only do these arguments fail because Pizarro's contention that the CCCA was invalid from its inception is incorrect, but they each suffer from their own deficiencies.

First, a bill of attainder is "[a] special legislative act prescribing punishment, without a trial, for a specific person or group," Black's Law Dictionary 176 (8th ed. 2004), and are prohibited by the United States Constitution.  U.S. Const., art. I, § 9, cl. 3.  Pizarro argues that the Sentencing Reform Act of 1984 amounted to

CIVIL 07-1720 (JAG)                    13
(CRIMINAL 03-0351 (JAG))

a bill of attainder because it was unconstitutionally enacted.  This argument

completely misses the mark of what entails a bill of attainder.

Second, Pizarro's argument that the Sentencing Reform Act violates due

process lacks any argument for support, and so must be considered waived.

Munioz-Cabrero v. Ruiz, 23 F.3d 607, 610-11 (1st Cir. 1994.)

III.  CONCLUSION

Pizarro is correct in noting that a two-level increase under U.S.S.G. §

2B1.1(b)(3) was incorrectly applied to his sentence; Pizarro's sentence should be

vacated and he should be re-sentenced accordingly.   However, Pizarro's

contention that the Comprehensive Crime Control Act of 1984 was

unconstitutionally enacted is without merit.  Therefore, in view of the above it is

my recommendation that petitioner Pizarro's motion to vacate, set aside or correct

his conviction and sentence be GRANTED in part and DENIED in part.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any

party who objects to this report and recommendation must file a written objection

thereto with the Clerk of this Court within ten (10) days of the party's receipt of

this report and recommendation.  The written objections must specifically identify

the portion of the recommendation, or report to which objection is made and the

basis for such objections.  Failure to comply with this rule precludes further

appellate review.  See Thomas v. Arn, 474 U.S. 140 (1985); Paterson-Leitch v.

CIVIL 07-1720 (JAG)                    14
(CRIMINAL 03-0351 (JAG))


Mass. Elec., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human

Servs., 836 F.2d 4 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13 (1st Cir.

1983); United States v. Vega, 678 F.2d 376 (1st Cir. 1982); Park Motor Mart, Inc.

v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 11th day of February, 2008.

                      S/ JUSTO ARENAS
          Chief United States Magistrate Judge